# EXHIBIT A

IN THE COUNTY COURT OF
THE 10TH JUDICIAL CIRCUIT,
IN AND FOR POLK COUNTY,
FLORIDA

GEN. JURISDICTION DIV.

CASE NO.:

JEFFREY WALLS,

       Plaintiff,

v.

MIDFLORIDA CREDIT UNION and
EQUIFAX INFORMATION SERVICES, LLC,

       Defendants.

_____/

## COMPLAINT

Plaintiff Jeffrey Walls (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, MidFlorida Credit Union (hereinafter "MidFlorida") and Equifax Information Services, LLC (hereinafter "Equifax") (collectively "Defendants"), hereby alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers and consumer reporting agencies (hereinafter "CRAs" or "CRA") from inaccurately reporting consumers' credit information.

## PARTIES

2. Plaintiff is an adult citizen of the State of Florida, domiciled in Lakeland, Polk County, Florida.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. MidFlorida is a Florida credit union and "furnisher" of consumer credit information as that term is used in 15 U.S.C. § 1681s-2 of the FCRA.

5. MidFlorida is qualified to do business in the State of Florida and maintains its principal office in Lakeland, Polk County, Florida.

6. Equifax is a limited liability company that engages in the business of maintaining and reporting consumer credit information. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

7. Equifax is a foreign limited liability company that is qualified to do business in the State of Florida and regularly conducts business in the State of Florida. Equifax is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

8. This Honorable Court has original jurisdiction over the instant action pursuant to Fla. Stat. Ann. § 34.01 as the amount in controversy does not exceed the sum of $50,000.00, exclusive of interest, costs, and attorneys' fees.

9. Venue is proper in this Honorable Court pursuant to Fla. Stat. Ann. § 47.011 as, *inter alia*, this cause of action accrued in Polk County, Florida; MidFlorida resides in Polk County, Florida; and Plaintiff is domiciled in Polk County, Florida.

2024CC-005829-0000-00          Received in Polk 07/16/2024 02:00 PM

## FACTUAL ALLEGATIONS

10. MidFlorida issued a credit account ending in 0911 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

11. The consumer credit report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

12. On or about April 13, 2022, Plaintiff and MidFlorida entered into a settlement agreement for the above-referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A**.

13. Pursuant to the terms of the settlement, Plaintiff was required to make one lump sum payment totaling $2,553.00 to settle and close his MidFlorida account.

14. Plaintiff, via his debt settlement representative, timely made the requisite settlement payment. Proof of Plaintiff's payment is attached hereto as **Exhibit B**.

15. However, over one year later, Plaintiff's MidFlorida account continued to be negatively reported.

16. In particular, on a requested credit report dated October 24, 2023, Plaintiff's MidFlorida account was reported with a status of "Charge Off," a balance of $637.00, and an amount past due of $425.00. The relevant portion of Plaintiff's October 2023 credit report is attached hereto as **Exhibit C**.

3

17. This tradeline was inaccurately reported. As evidenced by the enclosed settlement documents and information, the account was settled for less than the full balance and must be reported as settled with a balance of $0.00.

18. On or about November 6, 2023, Plaintiff, via counsel, notified the national CRAs directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's MidFlorida account. A copy of Plaintiff's dispute letter is attached hereto as **Exhibit D**.

19. Therefore, Plaintiff disputed the accuracy of the derogatory and inaccurate information reported by MidFlorida to the national CRAs, including Equifax, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

20. In December 2023, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's MidFlorida account remained inaccurate as Defendants failed to correct the inaccuracy. The relevant portion of Plaintiff's December 2023 credit report is attached hereto as **Exhibit E**.

21. Upon information and belief, neither Equifax nor any other CRA notified MidFlorida of Plaintiff's dispute in accordance with the FCRA. Alternatively, Equifax or another CRA did notify MidFlorida of Plaintiff's dispute, but Defendants failed to properly investigate and delete the tradeline at issue or failed to properly update the tradeline on Plaintiff's credit report.

22. If MidFlorida had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's MidFlorida account would have been updated to reflect a settled status with a balance of $0.00.

4

23. Although MidFlorida has promised through its subscriber agreements and/or contracts to accurately update accounts, MidFlorida has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement, as well as the requirements set forth under the FCRA, which has resulted in the inaccurate and detrimental information remaining on Plaintiff's credit report.

24. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and credit reports, concerning the MidFlorida account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent, and/or in wanton disregard for federal law and the rights of the Plaintiff herein.

## CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

29. MidFlorida is an entity that, regularly and in the course of business, furnishes information to one or more CRAs about its transactions and/or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

30. MidFlorida is reporting inaccurate credit information concerning Plaintiff to one or more CRAs as defined by 15 U.S.C. § 1681a of the FCRA.

31. Plaintiff notified the national CRAs directly, including Equifax, of a dispute on the MidFlorida account's completeness and/or accuracy, as reported.

32. MidFlorida failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the CRAs within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

33. MidFlorida failed to promptly modify the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).

34. MidFlorida failed to promptly correct Plaintiff's inaccurate credit information with all CRAs in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

35. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's dispute.

36. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the MidFlorida account in question, thus violating 15 U.S.C. § 1681e(b).

37. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit

capacity, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, increased interest rates, and other damages that may be ascertained at a later date.

38. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n, or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1681n;

3. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

4. That the Court award costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n, or alternatively, 15 U.S.C. § 1681o; and

5. That the Court grant such other and further relief as may be just and proper.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

2024CC-005829-0000-00        **Received in Polk 07/16/2024 02:00 PM**

## DEMAND FOR JURY TRIAL

Pursuant to Fla. R. Civ. P. 1.430, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: July 16, 2024

<div style="margin-left:40%">

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

_/s/ Thomas J. Bellinder_____
By: Thomas J. Bellinder, Esq.
Florida Bar No. 65254
180 Maiden Lane, 27th Floor
New York, New York 10038
Tel: (212) 226-5081
Fax: (212) 208-2591
Email: Thomas.B@gitmeidlaw.com
_Attorneys for Plaintiff Jeffrey Walls_

</div>

**2024CC-005829-0000-00          Received in Polk 07/16/2024 02:00 PM**

# EXHIBIT A

04/13/2022

**RE**              : Jeffrey Walls

**SSN**            : █████████

**Acct#**         : ████████ -0911

| | | | |
|---|---|---|---|
| **Original Creditor** | : Midflorida Credit Union | **Current Balance** | : $3,190.47 |
| **Third Party** | : Midflorida Credit Union | **Settlement Amount** | : $2,553.00 |

**ATTN**        : SETTLEMENT AGREEMENT

Greetings,

Please be advised that the above referenced debtor has hired ██████████ in an attempt to settle their outstanding debt(s) in your office. Our client is experiencing a severe financial hardship.

████████████ has been authorized to offer the following terms:

| Payment Date | Payment Amount |
|:---:|:---:|
| 04/29/2022 | $2,553.00 |

By signing below you acknowledge that you have the authority to settle the above referenced account for the above listed terms. Upon receipt and clearance of the above reference payment(s), our client will be released from further obligation and the account will be considered settled in full.

| I have read, understand and agree with the above terms. | | |
|---|---|---|
| **Authorized Representative** | **Signature** | **Date** |
| Debbie Thomas | *Debbie Thomas* | Apr 13, 2022 |



# EXHIBIT B



THIS CHECK IS VOID WITHOUT A COLORED BORDER AND BACKGROUND PLUS A KNIGHT & FINGERPRINT WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Global Holdings LLC Custodian**
**FBO Jeffrey Walls**
4343 S. 118th E. Ave, Ste 220
Tulsa, OK 74146

**204636074**
042222_074020

32-75/1110

P66255986
Date:  **04/22/2022**
Amount: **$** 2,553.00

Pay:  TWO THOUSAND FIVE HUNDRED FIFTY-THREE AND XX / 100 DOLLARS

For:

Jeffrey Walls

To The
Order
Of

**Midflorida Credit Union**
**205 South FL Ave**
**Lakeland, FL US 33801**

Authorized Signature
Questions: (877)503-8236
Void After 90 Days

2024CC-005829-0000-00       Received in Polk 07/16/2024 02:00 PM

# EXHIBIT C

2024CC-005829-0000-00        Received in Polk 07/16/2024 02:00 PM

## Credit report



Provided by **EQUIFAX**

Report date: Oct 24, 2023

### Personal info

| Reported names | Jeffrey A Walls | Addresses | [ as reported ] |
| --- | --- | --- | --- |
| DOB | | | |
| SSN | | | |
| Employment info | | | |

### Account summary

### Accounts



**Overview**

Balance: $637.00



**Account details**

Account Number      0911

Account Status      Charge Off

**Creditor information**

MIDFLORIDA CU
PO BOX 8008
LAKELAND, FL 338028008
(941) 688-3100

Current Payment Status      Collection/Charge-off

Amount Past Due      $425.00



**2024CC-005829-0000-00**      **Received in Polk 07/16/2024 02:00 PM**

# EXHIBIT D



The Law Offices of
# ROBERT S. GITMEID & ASSOC., PLLC

November 6, 2023

**VIA CERTIFIED MAIL**

Transunion Consumer Solutions          Equifax Information Services, LLC
P.O. Box 2000                          P.O. Box 740256
Chester, PA 19016                      Atlanta, GA 30374-0256

Experian
P.O. Box 4500
Allen, TX 75013

Re:              Jeffrey Walls
Creditor:        Midflorida Credit Union
Account No.:     Ending in 0911
SSN:             Ending in ███
Address:         ████████████████

Dear Sir and/or Madam,

Please be advised that this office was retained to represent Jeffrey Walls with respect to his claims for violations under the Fair Credit Reporting Act, 15, U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.

On or about April 13, 2022, Mr. Walls and Midflorida Credit Union ("Midflorida CU") entered into a settlement agreement for the above-referenced account. A copy of the settlement agreement is attached herein for your review. Pursuant to the terms of the settlement, Mr. Walls was required to make a lump sum payment totaling $2,553.00 to settle and close his Midflorida CU account. Mr. Walls, via his debt settlement representative, timely made the requisite settlement payment. Proof of this payment is attached herein for your review.

However, over a year later, Mr. Walls' account continues to be negatively reported. In particular, on a requested credit report dated October 24, 2023, Mr. Walls' account was reported with a status of "CHARGE OFF", a balance of $637.00 and a past due balance of $425.00. The relevant portion of Mr. Walls' credit report is attached herein for your review. The trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled in full and has a balance of $0.00.

Please take notice that this dispute is made pursuant to 15 U.S.C. § 1681i under the FCRA. Therefore, if this inaccuracy is not corrected within thirty (30) days, we will pursue further legal process on behalf of our client.

Thank you for your prompt attention to this important matter.

Very truly yours,

Melissa Rodriguez
Paralegal
The Law Offices of Robert S. Gitmeid
& Associates, PLLC
Melissa.R@gitmeidlaw.com
(866) 249-1137

Tel (866) 249-1137     30 Wall Street, 8ᵗʰ Floor #741, New York, NY 10005     Fax (877) 366-4747
www.GitmeidLaw.com

2024CC-005829-0000-00          **Received in Polk 07/16/2024 02:00 PM**

04/13/2022

**RE**           : Jeffrey Walls
**SSN**         : ███████████
**Acct#**       : ███████████ -0911

| | | | |
|---|---|---|---|
| **Original Creditor** | : Midflorida Credit Union | **Current Balance** | : $3,190.47 |
| **Third Party** | : Midflorida Credit Union | **Settlement Amount** | : $2,553.00 |

**ATTN**       : SETTLEMENT AGREEMENT

Greetings,

Please be advised that the above referenced debtor has hired ███████████ in an attempt to settle their outstanding debt(s) in your office. Our client is experiencing a severe financial hardship.

███████████ has been authorized to offer the following terms:

| **Payment Date** | **Payment Amount** |
|---|---|
| 04/29/2022 | $2,553.00 |

By signing below you acknowledge that you have the authority to settle the above referenced account for the above listed terms. Upon receipt and clearance of the above reference payment(s), our client will be released from further obligation and the account will be considered settled in full.

| **I have read, understand and agree with the above terms.** | | |
|---|---|---|
| **Authorized Representative** | **Signature** | **Date** |
| Debbie Thomas | *Debbie Thomas* | Apr 13, 2022 |



**2024CC-005829-0000-00**         **Received in Polk 07/16/2024 02:00 PM**



THIS CHECK IS VOID WITHOUT A COLORED BORDER AND BACKGROUND PLUS A KNIGHT & FINGERPRINT WATERMARK ON THE BACK - HOLD AT ANGLE TO VIEW

204636074

042222_074020

Global Holdings LLC Custodian
FBO Jeffrey Walls
4343 S. 118th E. Ave, Ste 220
Tulsa, OK 74146

32-75/1110

P6625598G
Date:   04/22/2022
Amount: $** 2,553.00

Pay:  TWO THOUSAND FIVE HUNDRED FIFTY-THREE AND XX / 100 DOLLARS

To The
Order   Jeffrey Walls
Of

For:

Midflorida Credit Union
205 South FL Ave
Lakeland, FL US 33801

Authorized Signature
Questions' (877)503-8236
Void After 90 Days

2024CC-005829-0000-00          Received in Polk 07/16/2024 02:00 PM

## Credit report

Provided by **EQUIFAX**



Report date: Oct 24, 2023

### Personal info

| Reported names | Jeffrey A Walls | Addresses | [not reported] |
| --- | --- | --- | --- |
| DOB | | | |
| SSN | | | |
| Employment info | | | |

### Account summary

### Accounts



**Overview**

Balance $637.00



Current Payment Status      **Collection/Charge-off**

Amount Past Due      $425.00

**Account details**

Account Number      0911

Account Status      **Charge Off**

**Creditor information**

MIDFLORIDA CU
PO BOX 8008
LAKELAND, FL 338028008
(941) 688-3300



# EXHIBIT E

## Credit report

TransUnion    Equifax    Experian    All bureaus



## Personal info

| | | | |
|---|---|---|---|
| Reported names | Jeffrey A Walls | Jeffrey A Walls | Jeffrey A Walls |



## Account summary





## Collections

Its important that you try your best not to fall behind on payments so your account doesn't get passed on to a collections agency. This usually drops your credit score significantly.



| Bureau | EQUIFAX | experian |
|---|---|---|
| Total found | 0 | 0 | 0 |

| | Sep 8 2023 | $637.00 |
| | | MIDFLORIDA CU |
| **Account details** | | |
| Account Number | ████ XXXX | |
| Date Opened | May 8, 2015 | |
| Last Activity | Nov 1, 2023 | |
| Original Creditor | | |
| Monthly Payment | $0.00 | |
| Installment Type | | |
| Current Rating | Collection/Charge-off | |
| Status | Charge Off | |
| Type | Individual | |
| High Balance | | |
| Unpaid Balance | $637.00 | |
| Highest Adverse Rating | Collection/Charge-off | |
| Most Recent Adverse Rating | No Data Available | |

