IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JEFFREY WALLS,<br><br>      Plaintiff,<br><br>– against–<br><br>MIDFLORIDA CREDIT UNION and<br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>      Defendants. | Case No.: 8:24-cv-2137-KKM-AEP<br><br>**AMENDED COMPLAINT** |

Plaintiff, Jeffrey Walls (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Amended Complaint against the Defendants, MidFlorida Credit Union (hereinafter "MidFlorida") and Equifax Information Services, LLC (hereinafter "Equifax") (collectively "Defendants"), hereby alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits credit furnishers and consumer reporting agencies (hereinafter "CRAs" or "CRA") from falsely and inaccurately reporting consumers' credit information.

## PARTIES

2. Plaintiff is an adult citizen of the State of Florida, domiciled in Lakeland, Polk County, Florida.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. MidFlorida is a domestic Florida credit union and "furnisher" of consumer credit information as that term is used in 15 U.S.C. § 1681s-2 of the FCRA.

5. MidFlorida is qualified to do business in the State of Florida and maintains its principal office in Lakeland, Polk County, Florida.

6. Equifax engages in the business of maintaining and reporting consumer credit information. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

7. Equifax is a foreign limited liability company that maintains its principal office in the State of Georgia and regularly conducts business in the State of Florida. Equifax is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

8. This Honorable Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 as it is a civil action founded on a claim or right arising under the law of the United States of America, specifically, the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Accordingly, Plaintiff's claims in the instant action present a federal question pursuant to 15 U.S.C. §§ 1331 and 1441(a).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred within Polk

County, Florida, within the venue of the United States District Court for the Middle District of Florida.

## FACTUAL ALLEGATIONS

10. MidFlorida issued a credit account ending in 0911 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

11. The consumer credit report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

12. On or about April 13, 2022, Plaintiff and MidFlorida entered into a settlement agreement for the above-referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A**.

13. Pursuant to the terms of the settlement, Plaintiff was required to make one lump sum payment totaling $2,553.00 to settle and close his MidFlorida account.

14. Plaintiff, via his debt settlement representative, timely made the requisite settlement payment. Proof of Plaintiff's payment is attached hereto as **Exhibit B**.

15. However, over one year later, Plaintiff's MidFlorida account continued to be negatively reported.

16. In particular, on a requested credit report dated October 24, 2023, Plaintiff's MidFlorida account was reported with a status of "Charge Off," a balance of

$637.00, and an amount past due of $425.00. The relevant portion of Plaintiff's October 2023 credit report is attached hereto as **Exhibit C**.

17. This tradeline was inaccurately reported. As evidenced by the enclosed settlement documents and information, the account was settled for less than the full balance and must be reported as settled with a balance of $0.00.

18. On or about November 6, 2023, Plaintiff, via counsel, notified the national CRAs directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's MidFlorida account. A copy of Plaintiff's dispute letter is attached hereto as **Exhibit D**.

19. Therefore, Plaintiff disputed the accuracy of the derogatory and inaccurate information reported by MidFlorida to the national CRAs, including Equifax, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

20. In December 2023, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's MidFlorida account remained inaccurate as Defendants failed to correct the inaccuracy. The relevant portion of Plaintiff's December 2023 credit report is attached hereto as **Exhibit E**.

21. Upon information and belief, neither Equifax nor any other CRA notified MidFlorida of Plaintiff's dispute in accordance with the FCRA. Alternatively, Equifax or another CRA did notify MidFlorida of Plaintiff's dispute, but Defendants failed to properly investigate and delete the tradeline at issue or failed to properly update the tradeline on Plaintiff's credit report.

22. If MidFlorida had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's MidFlorida account would have been updated to reflect a settled status with a balance of $0.00.

23. Although MidFlorida has promised through its subscriber agreements and/or contracts to accurately update accounts, MidFlorida has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement, as well as the requirements set forth under the FCRA, which has resulted in the inaccurate and detrimental information remaining on Plaintiff's credit report.

24. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and credit reports, concerning the MidFlorida account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent, and/or in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
## Fair Credit Reporting Act Violations by Defendant MidFlorida Credit Union

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. MidFlorida is an entity that, regularly and in the course of business, furnishes information to one or more CRAs about its transactions and/or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. MidFlorida is reporting inaccurate credit information concerning Plaintiff to one or more CRAs as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiff notified the national CRAs regarding a dispute on the MidFlorida account's completeness and/or accuracy, as reported.

31. Upon information and belief, MidFlorida failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the CRAs within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. MidFlorida failed to promptly modify and/or delete the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

33. MidFlorida failed to promptly report and correct Plaintiff's inaccurate credit information with all CRAs in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: decreased credit score, decreased credit capacity, denial of credit, embarrassment and emotional distress caused by

the inability to obtain financing for everyday expenses, increased interest rates, and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, MidFlorida is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees, and costs.

## COUNT II
## Fair Credit Reporting Act Violations by Defendant Equifax Information Services

36. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

38. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's dispute.

39. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and credit report, concerning the MidFlorida account in question, thus violating 15 U.S.C. § 1681e(b).

40. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: decreased credit score, decreased credit capacity, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, increased interest rates, and other damages that may be ascertained at a later date.

41. As a result of the above violations of the FCRA, Equifax is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

(a) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n, or alternatively, 15 U.S.C. § 1681o;

(b) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1681n;

(c) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

(d) That the Court award costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n, or alternatively, 15 U.S.C. § 1681o; and

(e) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: December 27, 2024

Respectfully submitted,

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

*/s/ Thomas J. Bellinder*
By: Thomas J. Bellinder, Esq.
Florida Bar No. 65254
180 Maiden Lane, 27th Floor
New York, New York 10038
Tel: (212) 226-5081
Fax: (212) 208-2591
Email: Thomas.B@gitmeidlaw.com
*Attorneys for Plaintiff Jeffrey Walls*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2024, a true and correct copy of the foregoing **Amended Complaint** was filed electronically with the Clerk of the Court using the Electronic Document Filing System, which will send a notice of such filing to the following counsel of record:

Daniel Andrew Nicholas, Esq.
Cole, Scott & Kissane, P.A.
500 N. Westshore Blvd
Suite 700
Tampa, FL 33609
Tel: (813) 509-2691
Email: daniel.nicholas@csklegal.com
*Attorneys for Defendant MidFlorida Credit Union*

Jason Daniel Joffe, Esq.
Squire Patton Boggs (US) LLP
200 South Biscayne Blvd
Suite 3400
Tel: (305) 577-7000
Email: Jason.joffe@squirepb.com
*Attorneys for Defendant Equifax Information Services, LLC*

    Respectfully submitted,

    **LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

    */s/ Thomas J. Bellinder*
    By: Thomas J. Bellinder, Esq.
    Florida Bar No. 65254
    180 Maiden Lane, 27th Floor
    New York, New York 10038
    Tel: (212) 226-5081
    Fax: (212) 208-2591
    Email: Thomas.B@gitmeidlaw.com
    *Attorneys for Plaintiff Jeffrey Walls*